UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) Docket no. 2:12-cr-00186-GZS |
| CASEY JAMES FURY, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion to Renew Application for Compassionate Release (ECF No. 85). On January 28, 2021, the Court issued an Order to Show Cause (ECF No. 89) regarding the Motion. The Court considers Defendant's most recent filing, his pro se Motion for Reconsideration, to Expand the Record & Provide New Information (ECF No. 96), as part of his response to the Order to Show Cause. Having reviewed this Motion, along with all of the other filings received in responses to the Order to Show Cause (ECF Nos. 90-95) and the entire docket, the Court DENIES Defendant's pending Motions (ECF Nos. 85 & 96).

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has

generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least five circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A).  See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. McGee, --- F.3d ---, 2021 WL 1168980, at *12 (10th Cir. March 29, 2021).  It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  See, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic).  Critically, in exercising its discretion to grant any sentence reduction, the

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release).  The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release.  See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

Court also considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or to the community").

## II. DISCUSSION

Defendant Casey James Fury, now 33 years of age, has served approximately 50 percent of his 205-month sentence. He has an estimated release date of August 19, 2027. He is currently categorized as a Physical Care Level 2/Mental Health Care Level 1 by BOP.

Fury is serving his sentence at Fort Dix FCI, which has most recently reported 15 inmates and 42 staff as positive for COVID-19.[2] All told, there has been 2 reported deaths due to COVID-19 at this facility. 1,817 inmates and 47 staff members are listed as recovered from COVID-19 infections. To date, Fort Dix FCI has fully vaccinated 184 staff members and 159 inmates. Given these numbers, the Court understands the concerns Defendant documents in his most recent filing (ECF No. 96), in which he proffers that Fort Dix has seen COVID-19 re-infections in its most recent outbreaks. See ECF No. 96, PageID #s 678-80.

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the Bureau of Prisons. However, it is against this backdrop that Defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. Here, Defendant relies on his mental health issues, which pre-date his incarceration and are ongoing, as explained in his filings. Undoubtedly, his struggles with panic attacks and anxiety complicate his daily life as a BOP inmate during a pandemic. Nonetheless, Defendant has not shown that he has any serious medical

---

[2] See https://www.bop.gov/coronavirus/ (last visited 3/30/2021).

3

conditions that place him at materially greater risk for serious illness from COVID-19, nor has he shown that his mental health challenges make him incapable of self-care while he remains detained at his current facility.

The record compiled by Defendant in support of his request for compassionate release also includes commendable examples of his work while incarcerated, as well as seven letters[3] from family and friends offering support for him upon his release.  While the Court commends Defendant on his work ethic and support network, the statute does not contemplate sentence reductions for commendable reasons.  Rather, the statute requires extraordinary and compelling reasons, and Defendant's proffered reasons do not rise to this level.

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community").  Here, Defendant has multiple disciplinary reports from his time in custody.  He has also acknowledged use of heroin while serving his sentence. While Defendant states he has struggled to obtain quality mental health care while incarcerated, it is apparent to the Court that a more defined release plan that includes mental health treatment is necessary in order for Fury to successfully complete his five year term of supervised release.  In short, based on the available record, the Court cannot conclude that Defendant would not pose a danger to the community if he were immediately released.  Therefore, the Court concludes that the

---

[3] See ECF Nos. 90, 91, 91-2, 91-4, 93, 94 & 94-2.

§ 3553(a) factors presently weigh in favor of not modifying Defendant's sentence to allow for his immediate release.

Based on the Court's failure to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, Defendant's pending Motions (ECF Nos. 85 & 96) are hereby DENIED.

SO ORDERED.

                                         /s/ George Z. Singal
                                         United States District Judge

Dated this 31st day of March, 2021.